IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Donnie Mark Simpson, | ) | C/A No.: 5:25-13930-CMC-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Warden of Tyger River Correctional Institution, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Donnie Mark Simpson ("Petitioner"), proceeding pro se, filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the Petition in this case without requiring Respondent to file an answer.

I.      Factual and Procedural Background

Petitioner filed a habeas Petition with this court on December 18, 2025. ECF No. 1. The instant Petition is the second habeas action filed by Petitioner challenging his August 1, 1990, convictions for assault and battery of a high and aggravated nature ("ABHAN"), and four counts of first degree criminal sexual conduct ("CSC").[1] *See* ECF No. 1; *Simpson v. Moore*, C/A No.: 3:97-2008-06BC (Sept. 21, 1998). ("*Simpson I*"). A review of Petitioner's prior case reveals he was indicted in March of 1990 and was tried by a jury and found guilty of the ABHAN and first

---

[1]It is appropriate for this court to take judicial notice of Petitioner's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[t]he most frequent use of judicial

degree CSC charges on August 1, 1990. *Simpson I*, ECF No. 16. The trial court sentenced Petitioner to 130-years imprisonment. *Id.* Petitioner filed a direct appeal which he later moved to withdraw, and an order dismissing Petitioner's appeal was filed by the South Carolina Supreme Court on January 12, 1991. *Id.*

Petitioner filed an application for post-conviction relief ("PCR") on November 28, 1990, which was amended on March 25, 1992. *Id*. The PCR court issued an order dismissing Petitioner's PCR application. *Id*. Petitioner appealed the denial of his PCR by way of a petition for a writ of certiorari and the South Carolina Supreme Court denied Petitioner's petition on March 18, 1994. *Id.*

Petitioner filed *Simpson I* in this court on July 17, 1997. *Id.*, ECF No. 1. This court considered the Petition on the merits and granted Respondent's Motion for Summary Judgment. *Id.*, ECF Nos. 20, 21. Petitioner now seeks a writ of habeas corpus on the same convictions that were the subject of Petitioner's habeas Petition filed in *Simpson I*.

II.     Discussion

A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S.

_____

notice of ascertainable facts is in noticing the content of court records") (citation omitted).

89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

The instant Petition seeks a writ of habeas corpus on the same ABHAN and CSC convictions that were addressed in *Simpson I*. Under the AEDPA, an individual may not file a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254, without first receiving permission to do so from the appropriate circuit court of appeals. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Specifically, 28 U.S.C. § 2244(b)(3)(A) requires a prospective applicant to file with the court of appeals a motion for leave to file a second or successive habeas application in the district court. 28 U.S.C. § 2244(b)(3)(A). A three-judge panel has 30 days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)]." 28 U.S.C. §§ 2244(b)(3)(B)–(D). For this court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre-Filing Authorization from the Fourth Circuit under 28 U.S.C. § 2244(b)(3). *See In re Williams*, 330 F.3d 277 (4th Cir. 2003); *In re Fowlkes*, 326 F.3d 542 (4th Cir. 2003). Because there is no showing Petitioner obtained authorization from the Fourth Circuit to file this successive habeas petition in the district court, this court does not have jurisdiction to consider it.

3

III.     Conclusion and Recommendation

The undersigned recommends the instant Petition be dismissed.

IT IS SO RECOMMENDED.

February 20, 2026                                      Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).